IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY F. EVERETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 20-0349-MU |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary F. Everett brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI"), based on disability, under Title XVI of the Act. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 20. Upon consideration of the administrative record, Everett's brief, the Commissioner's brief, and the arguments made at oral

---

[1] Kilolo Kijakazi was named the Acting Commissioner of Social Security on July 9, 2021. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the proper party defendant to this action.

argument, it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

## I.  PROCEDURAL HISTORY

Everett applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, and for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d, on February 16, 2018, initially alleging disability beginning on May 26, 2015. (PageID. 144-45). She amended her alleged onset date to June 1, 2016. (PageID. 301). Her application was denied at the initial level of administrative review on June 25, 2018. (PageID. 122-43). On July 26, 2018, Everett requested a hearing by an Administrative Law Judge (ALJ). (PageID. 160-61). After hearings were held on August 9, 2019, and March 6, 2020, the ALJ issued an unfavorable decision finding that Everett was not under a disability from the date the application was filed, May 26, 2015, through the date of the decision. (PageID. 62-81). Everett appealed the ALJ's decision to the Appeals Council, which denied her request for review of the ALJ's decision on June 17, 2020. (PageID. 56-60).

After exhausting her administrative remedies, Everett sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on January 4, 2021. (Docs. 10, 11). Both parties have filed briefs setting forth their respective positions, and the Court has conducted oral argument. (Docs. 12, 14, 25). After careful consideration, for the reasons

---

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Docs. 18, 20 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

set forth below, the Court finds that the decision of the Commissioner is due to be affirmed.

## II.  CLAIM ON APPEAL

Everett alleges that the Commissioner's decision to deny her benefits is in error because the ALJ erred in substituting his own medical opinion for that of both examining psychologists. (Doc. 12 at p. 2).

## III. BACKGROUND FACTS

Everett was born on May 22, 1959 and was 58 years old at the time she filed her claim for benefits. (PageID. 93). Everett initially alleged disability due to post traumatic stress disorder (PTSD), depression, anxiety, panic attacks, skin lesions, chronic fatigue syndrome, hypothyroidism, acid reflux, and history of suicidal ideation. (PageID. 355). Everett completed high school, cosmetology school, and earned an Associate's degree in Science from Bishop State Community College. (PageID. 93, 110, 356). Everett served in the Navy Reserves and was activated in 2003 and 2004. (PageID. 95). Between 2004 and 2015, she worked as a cashier/lay away clerk, Medicaid application clerk, supply clerk in the military, and a warehouse associate. (PageID. 356). She stopped working in 2018, after working for about five months at an Amazon mail center. (PageID. 93). She testified that she could no longer work at Amazon because she couldn't physically keep up with the pace and because she was suffering from deep depression, anxiety, and exhaustion, and she had trouble communicating with and trusting people. (PageID. 96). In her Function Report, which was completed on February 16, 2018, Everett stated that her conditions limit her ability to work because her conditions limit her ability to socialize with people, doctor's appointments cause her

to miss work, her conditions cause episodes that make her miss work, her conditions sometimes cause tremors and brain fog, and her conditions cause her to tire easily and make her slow and sluggish. (PageID. 333).

Also, in her Function Report, Everett stated that she can handle her own personal care without reminders; that she does not take care of anyone else or any pets; that she cooks simple meals daily; that she can clean her room, do laundry, sweep and mop the floor, and pick up after herself; that she can drive a car; that she goes shopping for food, clothes, and personal care items; that she can pay bills, count change, handle a savings account, and use a checkbook and money orders, but that her condition has resulted in her neglecting bills; that she visits her daughter three times per week, uses Facebook daily, and goes to church occasionally; that, when she gets anxious, she sometimes stutters and has a hard time focusing; that she can pay attention for 30 minutes to one hour; that she finishes what she starts; that she can usually follow written instructions with no problem; that she can follow spoken instructions when she can remember them; that she now has some issues with authority figures that she never had before; that she does not handle stress good at all; and that she handles changes in routine okay. (PageID. 334-339). She testified at the hearing on August 9, 2019, that she suffers from extreme anxiety and depression, for which she takes medication that offers some help. (PageID. 97-98). She testified that she has a hard time remembering things, staying on task, and sleeping. (PageID. 99-100). She further testified that she has tremors in her hands and slow dexterity that inhibits her ability to do fast paced work or computer work. (PageID. 100).

### IV. ALJ'S DECISION

After conducting two hearings on this matter, the ALJ determined that Everett had not been under a disability from May 26, 2015, through the date of the decision, and thus, was not entitled to benefits. (PageID. 77). At step one of the five-step sequential evaluation, the ALJ found that Everett had not engaged in SGA since June 1, 2016, the amended alleged onset date. (PageID. 77). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that, during the relevant period, Everett had severe impairments of post-traumatic stress disorder (PTSD), bipolar disorder, generalized anxiety disorder, and alcohol use disorder, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 68-70). After considering the entire record, the ALJ concluded that Everett had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> The claimant can perform simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes. She can have no interaction with the public, non-transactional interaction with coworkers, and occasional interaction with supervisors. The claimant is unable to work in close proximity to others. The claimant is able to sustain attention for two-hour periods with customary breaks. She would have one unplanned absence per month.

(PageID. 71). After setting forth her RFC, the ALJ determined that Everett was unable to perform any past relevant work. (PageID. 76). However, considering her age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Everett could perform, and therefore, found that Everett was not disabled within the meaning of the Act. (PageID. 76-77).

## **V. STANDARD OF REVIEW**

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. **DISCUSSION**

In this case, Everett avers that the ALJ erred in deciding her case because he substituted his own medical opinion for that of two examining psychologists, and therefore, the RFC used by the ALJ was not supported by substantial evidence. (Doc. 12). The Commissioner, on the other hand, asserts that the ALJ properly detailed why he found both psychologists' opinions unpersuasive, and therefore, the RFC assessed by the ALJ was supported by substantial evidence. (Doc. 14).

In this case, the ALJ had Everett's medical records from the relevant period, an Adult Mental Examination performed by Psychologist Jennifer M. Jackson, a

Psychological Evaluation performed by Psychologist Kendra LaConsay, a Medical Opinion Disability Benefits Questionnaire performed by Psychologist Jack C. Carney, the Function Reports completed by Everett and her sister, and Everett's own hearing testimony to rely upon in making his assessment as to how her PTSD, Bipolar disorder, anxiety disorder and alcohol use disorder affected her ability to work. (PageID. 93-100, 110-15, 331-40, 364-72, 385-92, 428-936). Everett contends that the ALJ's finding that the opinion rendered by Dr. LaConsay in her medical source statement was not persuasive was reversible error. She also argues that the ALJ's determination that the opinion rendered by Dr. Carney in his Disability Benefits Questionnaire did not have significant persuasive effect was also error.

     Pursuant to the applicable Social Security Regulations, the ALJ is to consider the following factors when evaluating the persuasiveness of medical opinions: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The two most important factors, and the only two that must be explained in the decision, are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ in this case applied the correct standard to the evaluation of the medical opinions of Dr. LaConsay and Dr. Carney. The ALJ examined Dr. LaConsay's and other medical records, as well as Everett's own statements concerning her daily activities, and concluded the Dr. LaConsay's opinion was "wholly inconsistent with the treatment record, including Dr. LaConsay's own behavioral observations." (Page ID. 74). He noted that Dr. LaConsay's "treatment records routinely note the claimant's improvement on medication and largely normal mental functioning upon examination, including proper orientation, average intelligence, coherent and logical

8

thoughts, and good attention and cooperation." (*Id*.). The ALJ concluded that Dr. LaConsay's opinion was not "**consistent with nor supported by** the overall evidence of record," and was therefore not persuasive. (*Id*.) (emphasis added). Likewise, the ALJ found Dr. Carney's opinion set forth in the Disability Benefits Questionnaire to be vague and lacking in any specifics regarding the functional limitations set forth therein. (Page ID. 75). He specifically found that Dr. Carney's opinion was "inconsistent with the treatment notes, which frequently note good attention and concentration, as well as normal thought processes and cooperative behavior." (*Id*.). The ALJ concluded that "Dr. Carney's vague opinion is **inconsistent with** the treatment notes and **unsupported by** the overall evidence of record," and therefore the opinion did not have significant persuasive effect. (*Id*.) (emphasis added). The Court finds, having reviewed the record in its entirety, that substantial evidence supports the ALJ's evaluation of the opinions rendered by Dr. LaConsay and Dr. Carney.

It is well-established that "the ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also* 20 C.F.R. § 404.1546(c) (stating that it is the ALJ's responsibility to assess the RFC); *Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). Based on the information in the record, the ALJ assessed several limitations in Everett's ability to perform some work-related functions due to her impairments and included those in her RFC. For example, the ALJ found that she can perform simple, routine tasks involving no more than simple, short

9

instructions and simple work-related decisions with few work-place changes; she can have no interaction with the public, non-transactional interaction with coworkers, and occasional interaction with supervisors; she is unable to work in close proximity to others; she is able to sustain attention for two-hour periods with customary breaks; and she would have one unplanned absence per month. (PageID. 71). Having reviewed the medical records, Function Reports and hearing testimony, the Court finds that substantial evidence supports the ALJ's conclusion regarding Everett's mental limitations as set forth in her RFC.

## **CONCLUSION**

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the entire transcript and considered the arguments made by Everett, the Court finds that the ALJ's determination that Everett was not disabled is supported by substantial evidence and based on proper legal standards.

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **25th** day of **April, 2022**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
